JOHNSTON, Judge,
dissenting:
The precise question in this case is whether the inclusion of the phrase “Summarized Article 15, 23 Jun 93” in the staff judge advocate’s addendum to a post-trial recommendation required service on counsel for the accused and an opportunity for comment.
R.C.M. 1106(f)(7) provides in pertinent part that when new matters are included in the staff judge advocate addendum, counsel for an accused must be served with the new matter and given an opportunity to comment before the convening authority takes action. Under the provisions of R.C.M. 1107(b)(3)(B), however, an accused is not entitled to comment on matters contained in the “personnel records of the accused” or on “matters adverse to the accused from outside the record, with knowledge of which the accused [is] chargeable.”
Quaere: would counsel for an accused be entitled to comment on a phrase in the staff judge addendum that stated to the convening authority “[b]efore taking action you may consult the personnel records of the accused.” Of course not. Would the answer be any different if the personnel records of the accused were attached to the addendum? One would think not. Thus, any reference in an addendum that merely identifies either a *653 portion of the personnel records or adverse information chargeable to an accused should not trigger the service and comment provisions of R.C.M. 1106(f)(7).
Rather than immediately ordering a new review and action, I would place the burden on the appellant to show this court that the reference in the addendum to a summarized Article 15 was somehow improper or incorrect. If the appellant can demonstrate that the item was not properly part of his personnel records, or that it was adverse information outside the record that he should not be responsible for knowing about, then the accused should receive a new review and action. Absent such a showing, however, the majority may be requiring a new review and action when nothing will be added for the convening authority that he has not previously considered. We should not interpret the provisions of R.C.M. 1106(b)(7) and 1107(b)(3)(B) in such a way as to emphasize form over substance.[1]

. This judicial economy approach does not reach the issue of prejudice under Narine so clearly stated by the majority.